Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that although by the terms of the will, the testator looked, principally, to the benefit of the slave Eliza and her increase, in the provision made respecting her, it was not his intention to confer upon her or her increase, the absolute right to freedom. That he contemplated a continued custody and control of the persons as slaves; but conferring privileges and benefits, inconsistent with that relation; and thus attempted to place the said Eliza and her increase in an intermediate condition between free persons of colour and slaves; a condition unknown to the laws, and contrary to their policy. The Court is therefore of opinion, that this provision of the will is inoperative and void.
The Court is further of opinion, that the will cannot be construed as a bequest of said Eliza or her increase, to his daughter Jinney, or to his other children, as slaves. He expressly declares, that he bequeaths Eliza not as a bound slave; thereby clearly shewing he did not contemplate disposing of her as property; an intention made more manifest by the provision respecting the wages for her labour. And by the clause providing that the chil *230 dren of Eliza should come under the same regulation after they pay for their raising, he intended to place the increase in the same condition with the mother.
The Court is therefore of opinion, that the will contains no disposition of the slave Eliza, or her increase, as slaves or property; and the leading intent being to create a status or condition of persons which the law does not permit, the whole provision in regard to Eliza and her increase after the death of his wife, is inoperative and void; and the said Eliza and her increase remained undisposed of after the happening of that event; and should be distributed as in other cases of intestacy.
The Court is further of opinion, that an account should have been stated, charging the parties in possession with the hires and profits of the slaves, subject to a proper deduction for the expense of raising, if any, in order to a final settlement and distribution of the whole subject in controversy.
The Court is therefore of opinion, that the decree of the Circuit Court, dismissing the plaintiffs’ bill, was erroneous. It is therefore reversed with costs against Joshua Carrell; and remanded for further proceedings in order to a final decree, according to the principles above declared.